U.S. Department of Justice

*Eastern District of*
*Louisiana U.S. Attorney's*
*Office*

2011 OCT 13 PM 3:02

LORETTA G. WHYTE
CLERK

---

Dorothy Manning Taylor
Assistant United States Attorney

*Hale Boggs Federal Building*

*500 Poydras, 210B Second Floor*
*New Orleans, LA 70130*

Telephone #:(504) 680-3083

Fax # (504) 589-4510



October 13, ~~June 21~~, 2011

Harry Rosenberg, Esq.
Phelps Dunbar
365 Canal Place, Suite 2000
New Orleans, Louisiana 70130-6534

    Re:   United States v. Stolthaven New Orleans, LLC
           Criminal No. 11-169 I

Dear Mr. Rosenberg:

    In compliance with the holding of <u>Bryan v. United States,</u> 492 F.2d 775 (1974) and with Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement which was reached between the Government and Stolthaven New Orleans, LLC (the Company), the defendant in the above-captioned proceeding. As defendant's counsel, you have reviewed the terms of this agreement and have been advised by that the Company fully understands the terms of this agreement. The Company by resolution attached hereto has authorized the signing of this plea agreement.

    The Government intends to file a one-count misdemeanor Bill of Information for a negligent Clean Water Act violation of Title 33, United States Code, Section 1319(c)(1)(A). The Government agrees that should the Court accept the defendant's guilty plea to the Bill of Information, it will not seek to bring any other charges in the Eastern District of Louisiana arising from defendant's actions, as more fully set forth in the factual basis.

    The Company understands that the maximum penalty it faces is a fine of up to $200,000 or twice the gain or loss resulting from the criminal offense under 18 U.S.C. § 3571. The restitution provisions of Sections 3663 and 3663A of Title 18, United States Code are applicable in this matter, however, the parties are unaware of any restitution owed at this time. The Company understands that a mandatory special assessment fee of $125.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

___ Fee _____
___ Process _____
_x_ Dktd _____
___ CtRmDep _____
___ Doc. No._____

Harry Rosenberg, Esq.
Page -2-
June 21, 2011

    Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the agreement made between the Government and the Company, the Government and the Company agree and stipulate to the following plea and sentence applicable to this case:

(1)     The Company shall plead guilty to the one count Bill of Information charging the Company with a misdemeanor violation of the Clean Water Act, 33 USC §1319(c)(1)(A), arising from the Company's negligent discharge of FSA into the Mississippi River on March 17, 2008, as more thoroughly described in a mutually acceptable Factual Basis submitted herewith;

(2)     In exchange for the Company's guilty plea, the Government agrees that it will not bring any other charges against the Company arising from or related to any and all conduct known to the Government, at the time of the relevant plea agreement;

(3)     The Company shall be placed on organizational probation for a term of two (2) years pursuant to 18 U.S.C. § 3561(c)(2) and USSG §§ 8D1.1 and 8D1.2. The Company agrees to abide by the standard conditions of probation as determined by the Court and to include no further violations of the law. The Company further agrees to abide by the following special conditions of probation:

    (a)     The Company shall pay all fines, community service and special assessments as set forth herein.

    (b)     The Company shall remain in compliance with all permit requirements, rules and regulations of the Louisiana Department of Environmental Quality.

(4)     The Company shall pay a fine of two hundred thousand dollars ($200,000.00);

(5)     The Company shall make a community service payment of one hundred and fifty thousand dollars ($150,000), in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. §3553(a), as follows:

    (a)     $100,000 to the Louisiana State Police Emergency Services Unit, which moneys will be used in connection with, or in support of the Unit's ability to respond to hazardous materials events and/or incidents that pose a risk

PD.5212370.2

Harry Rosenberg, Esq.
Page -3-
June 21, 2011

          to the health, safety, or welfare of the citizens of Louisiana. [Check shall be made payable to: LSP HAZMAT 4629 EPA.]

(b)     $40,000 to the Louisiana Department of Environmental Quality (LDEQ).Hazardous Waste Cleanup Fund, which moneys will be used in connection with, or in support of, the remediation and removal of hazardous wastes discharged, abandoned, and/or dumped in throughout the State of Louisiana. [Check shall be made payable to: Louisiana Environmental Trust Fund]

(c)     The Company shall pay $10,000 to Southern Environmental Enforcement Network Enforcement Training Fund, which money pays for environmental training to all law enforcement. [Check shall be made payable to: Southern Environmental Network Enforcement Training Fund.]

Because the community service payment is designated as community service by an organization, the Company agrees that it will not seek any reduction in its tax obligations as a result of these payments. In addition, since the payment constitutes community service, the Company will not characterize, publicize, or refer to the payment as a voluntary donation or contribution;

(6)     The parties understand that the law in criminal cases provides for restitution where appropriate. Because the Bill of Information charges a regulatory violation, the parties submit that restitution is inapplicable in this case.

(7)     The Company shall also pay a mandatory special assessment fee of $125.00 under the provisions of 18 USC 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the plea agreement, the Company has the right to withdraw the guilty plea.

Except as otherwise provided in this paragraph, the Company hereby expressly waives its rights to appeal from its conviction and/or its sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title

PD.5212370.2

Harry Rosenberg, Esq.
Page -4-
June 21, 2011

18, United States Code, Section 3742. The Company further waives its right to contest its conviction and/or its sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the Company may bring a post conviction claim if the Company establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the Company reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Further, the Company understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The Company understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The Company acknowledges that the United States Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of corporate defendants, must be considered by the Court, except that pursuant to USSG §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines which pertain to the sentencing of organizations do not determine the fine range in cases involving environmental crimes, including the making of false statements, the use of false writings or efforts to obstruct justice in order to conceal environmental crimes.

The Company understands and agrees that in the event it violates the Plea Agreement (or withdraw their decision to plead guilty except for the right to withdraw should the Court reject the terms herein), any statements made by it to law enforcement agents before or after the execution of the Plea Agreement, including the admitted factual basis, any re-arraignment colloquies in connection with this case, any testimony given by it before a grand jury or any tribunal, any leads from such statements, testimony or colloquies shall be admissible for all purposes, including but not limited to the government's case-in-chief, against it in any and all criminal proceedings.

The Company understands that the statements set forth above and the factual basis to be filed in the record represent defendant's entire agreement with the Government in the Eastern District of Louisiana, and that there are no other agreements, letters or notations that will affect this agreement.

PD.5212370.2

Harry Rosenberg, Esq.
Page -5-
June 21, 2011

Sincerely,

JIM LETTEN
UNITED STATES ATTORNEY

*Dorothy Manning Taylor*
Dorothy Manning Taylor
Assistant United States Attorney

STOLTHAVEN NEW ORLEANS, LLC

*[signature]* 10/13/11
BY: Daniel Carr, its duly authorized representative

*[signature]*
Harry Rosenberg
Attorney for defendant

June 21, 2011
Date

10/13/11
Date

PD.5212370.2